```
                           United States Bankruptcy Court
                                District of Connecticut

In re:                                                        Case No. 18-50182-jam
Marcos A. Reis                                                Chapter 7
         Debtor
                              CERTIFICATE OF NOTICE
District/off: 0205-5          User: admin              Page 1 of 1          Date Rcvd: May 30, 2018
                              Form ID: 318             Total Noticed: 8

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jun 01, 2018.
db             +Marcos A. Reis,    109 Parrott Avenue,    Bridgeport, CT 06606-5422
8849402         Dr. Pfeffer,    107 Park Ter E Ste 9B,    New York, NY 10034-1461
8849404         U.S. Bank National Association,    ATTN: President,    3217 Decker Lake Dr,
                 Salt Lake City, UT 84119-3284

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
8849401         EDI: DCI.COM May 30 2018 22:33:00      Diversified Consultant,    ATTN: President,
                 PO Box 551268,    Jacksonville, FL 32255-1268
8849403         EDI: RESURGENT.COM May 30 2018 22:33:00      Pinnacle/resurgent,    Attn: President,
                 PO Box 1269,    Greenville, SC 29602-1269
8849521        +EDI: RMSC.COM May 30 2018 22:33:00      Synchrony Bank,    c/o PRA Receivables Management, LLC,
                 PO Box 41021,    Norfolk, VA 23541-1021
8849405         E-mail/Text: bankruptcy@uinet.com May 30 2018 18:32:18      United Illuminating,
                 ATTN: President,    PO Box 1564,    New Haven, CT 06506-0901
8849406         EDI: VERIZONCOMB.COM May 30 2018 22:33:00      Verizon Wireless,    ATTN: President,
                 500 Technology Dr,    Weldon Spring, MO 63304-2225
                                                                                              TOTAL: 5

              ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr              U.S. Bank National Association, as Trustee, in Tru
cr*            +Synchrony Bank,    c/o PRA Receivables Management, LLC,    P.O. Box 41021,
                 Norfolk, VA 23541-1021
                                                                                   TOTALS: 1, * 1, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jun 01, 2018                                 Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on May 30, 2018 at the address(es) listed below:
              Jessica L. Braus    on behalf of Creditor    U.S. Bank National Association, as Trustee, in Trust
               For The Registered Holders of Citigroup Mortgage Loan Trust, Asset-Backed Pass-Through
               Certificates, Series 2007-AHL3 jessica@glassbraus.com, dan@glassbraus.com
              Richard M. Coan    ct14@ecfcbis.com
              Suzanne B. Sutton    on behalf of Debtor Marcos A. Reis ssutton@cohenandwolf.com
              U. S. Trustee    USTPRegion02.NH.ECF@USDOJ.GOV
                                                                                              TOTAL: 4
```

**Information to identify the case:**

| | | |
|---|---|---|
| Debtor 1 | **Marcos A. Reis** | Social Security number or ITIN **xxx−xx−2555** |
| | First Name   Middle Name   Last Name | EIN  _ _−_ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | First Name   Middle Name   Last Name | Social Security number or ITIN  _ _ _ _ |
| | | EIN  _ _−_ _ _ _ _ _ _ |

United States Bankruptcy Court   **District of Connecticut**

Case number:   **18−50182 jam**

## Order of Discharge                                                                               12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 727 is granted to:

Marcos A. Reis
aka Marcos Antonio Dos Reis

5/30/18                                        **By the court:**   Julie A. Manning
                                                                   United States Bankruptcy Judge

**Explanation of Bankruptcy Discharge in a Chapter 7 Case**

This order does not close or dismiss the case, and it does not determine how much money, if any, the trustee will pay creditors.

**Creditors cannot collect discharged debts**
This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily or from paying reaffirmed debts according to the reaffirmation agreement. 11 U.S.C. § 524(c), (f).

**Most debts are discharged**
Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts owed before the debtors' bankruptcy case was filed.

Also, if this case began under a different chapter of the Bankruptcy Code and was later converted to chapter 7, debts owed before the conversion are discharged.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**For more information, see page 2 >**

**Some debts are not discharged**
Examples of debts that are not discharged are:

- debts that are domestic support obligations;

- debts for most student loans;

- debts for most taxes;

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- some debts which the debtors did not properly list;

- debts for certain types of loans owed to pension, profit sharing, stock bonus, or retirement plans; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

Also, debts covered by a valid reaffirmation agreement are not discharged.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of the bankruptcy discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**